UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| POLYMER GROUP, INC., and <br> PGI POLYMER, INC., <br><br> Plaintiffs, <br><br> v. <br><br> 3M COMPANY and <br> TARGET CORPORATION, <br><br> Defendants. | Civil Action No. 3:15-cv-212 |

## COMPLAINT

Plaintiffs Polymer Group, Inc. ("Polymer Group"), and PGI Polymer, Inc. ("PGI Polymer"), for their Complaint against Defendants 3M Company ("3M") and Target Corporation ("Target"), pursuant to Rules 7 and 8, Federal Rules of Civil Procedure, allege as follows:

**Nature of the Action**

1. This Complaint is an action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114 and 1125, for violation of the North Carolina Unfair & Deceptive Trade Practices Act, N.C.G.S. § 75-1.1, and for unfair competition and trademark infringement under applicable state law.

**Parties**

2. Plaintiff Polymer Group is a Delaware corporation with a principal place of business at 9335 Harris Corners Parkway, Suite 300, Charlotte, NC 28269-3818.

3. Plaintiff PGI Polymer is a Delaware corporation with a principal place of business at 9335 Harris Corners Parkway, Suite 300, Charlotte, NC 28269-3818.

4. Plaintiff PGI is a wholly owned subsidiary of Plaintiff Polymer Group.

1

5. Upon information and belief, Defendant 3M is a Delaware corporation with a principal place of business at 3M Center, St. Paul, MN 55144-1000. 3M may be served through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

6. Upon information and belief, Defendant Target is a Minnesota corporation with a principal place of business at 1000 Nicollet Mall, Minneapolis, MN 55403. Target may be served at the same address, 1000 Nicollet Mall, Minneapolis, MN 55403.

## Jurisdiction and Venue

7. This Court has subject matter jurisdiction over this action upon the following grounds:

   a. 28 U.S.C. § 1331, this being a civil action arising under the laws of the United States;

   b. 28 U.S.C. § 1337(a), this being a civil action arising under an Act of Congress regulating Commerce;

   c. 28 U.S.C. § 1338(a), this being a civil action arising under the trademark laws of the United States, namely, the Lanham Act, 15 U.S.C. § 1051 *et seq.*;

   d. 28 U.S.C. § 1338(b), this being a civil action asserting a claim of unfair competition joined with a substantial and related claim under the trademark laws;

   e. 28 U.S.C. § 1367(a), this being a civil action including claims that are so related to claims that are within the original jurisdiction of the Court that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this Court under the provisions of 28 U.S.C. §§ 1391(a), (b), and (c).

**Background Facts Regarding Plaintiffs' Registered Marks**

9. Since at least as early as March 1942 or prior to the earliest of the use of any "wavy lines" or "cross-hatch" design for non-woven fabrics by either of the Defendants, Plaintiffs and their predecessors-in-interest have used continuously in commerce in this country trademarks for non-woven fabrics, including: (a) a mark consisting of a design made up of wavy lines continuously extending across the entire surface of the goods, the lines being of a color which is readily discernible against the background upon which the trademark appears (hereinafter, the "Wavy Lines Mark") and (b) a mark consisting of a design made up of colored parallel dashes arranged in parallel rows extending across the entire surface of the goods, the dashes in the adjacent rows being at an angle to each other so as to resemble a cross-hatch or herringbone configuration, the dashes being of a color which is readily discernible against the background on which they appear (hereinafter, the "Cross-Hatch Mark.")

10. In order to strengthen the Wavy Lines Mark and the Cross-Hatch Mark, Plaintiffs, through their predecessor-in-interest Johnson & Johnson, applied to register with the U.S. Patent and Trademark Office (the "PTO") the Wavy Lines Mark on June 21, 1972 and the Cross-Hatch Mark on November 1, 1983. The PTO approved the applications and granted to Johnson & Johnson U.S. Reg. No. 1,175,550 for the Wavy Lines Mark on October 27, 1981 (hereinafter, "the '427 Registration") and U.S. Reg. No. 1,256,427 for the Cross-Hatch Mark on November 1, 1983 (hereinafter, "the '550 Registration"), which registrations ultimately were assigned to Plaintiffs. Attached at Exhibit D hereto are true and correct copies of the certificates for the '427 and '550 Registrations, available at the PTO website.

11. The Wavy Lines Mark, Cross-Hatch Mark, and the accompanying federal trademark registrations are referred to herein as the "Registered Marks."

12. The Registered Marks are live, subsisting, unrevoked, uncanceled, and incontestable, having been registered and used continuously for more than five years, and constitute conclusive evidence that the marks are registered and valid, and thus entitled to protection, that Plaintiffs own the marks, and that Plaintiffs have the exclusive right to use the marks in commerce. Attached at Exhibit E hereto are true and correct copies of the PTO's acceptance of the Combined Declarations of Use and Incontestability under Sections 8 & 15 for the '427 and '550 Registrations, available at the PTO website.

13. The designs in their entirety are the essential feature of the Registered Marks, no particular color or combination of colors being significant in connection with non-woven fabrics.

14. Specimens of goods bearing the Registered Marks are depicted below:

Wavy Lines Mark                              Cross-Hatch Mark



15. Plaintiffs have used the Registered Marks for over seventy years on non-woven fabrics, including reusable wipes, and have invested millions of dollars in creating, maintaining, and promoting the goodwill associated with the Registered Marks. Plaintiffs market and advertise their non-woven fabrics bearing the Registered Marks through a variety of channels

and means, including direct sales, by regularly exhibiting and offering for sale goods at trade shows attended by members of the textiles industry, such as the National Restaurant Association Trade Show, and through catalogs, brochures, and the Internet.

16. The Registered Marks are favorably recognized and relied upon, such as within the restaurant industry and among the consumer public, as indicating high-quality non-woven fabrics. As a result of Plaintiffs' extensive use, advertising, and promotion of the Registered Marks, the Registered Marks have attained for Plaintiffs substantial goodwill among the purchasing public.

17. Plaintiffs and their related companies sell approximately $10 million per year of non-woven fabrics bearing the Registered Marks.

18. Through their related company, Chicopee, Inc. ("Chicopee"), Plaintiffs sell non-woven fabrics bearing the Registered Marks in a variety of colors, including green-on-white, blue-on-white, red-on-white, and yellow-on-white, for sale to commercial customers. Chicopee sells goods bearing the Wavy Lines Mark in product packaging bearing the Chix® trademark. Attached at Exhibit A hereto are depictions of Plaintiffs' products bearing the Registered Marks.

19. Through Chicopee, Plaintiffs also sell non-woven fabrics bearing the Wavy Lines Mark in particular shades of blue, for sale to retail customers. Chicopee sells those goods in product packaging bearing the MIRACLOTH trademark. Attached at Exhibit B hereto is a depiction of MIRACLOTH products bearing the Wavy Lines Mark.

20. Plaintiffs also regularly sell large quantities of non-woven fabrics bearing the Wavy Lines Mark to third parties who package, distribute, and sell the goods in conjunction with other marks. Plaintiffs have earned significant revenue from this practice.

21. For example, Plaintiffs sell non-woven fabrics bearing the Wavy Lines Mark in particular shades of blue to their customer and authorized user, The Clorox Company. Clorox sells those goods in product packaging bearing the Handi Wipes® trademark. Attached at Exhibit C hereto are depictions of Handi Wipes® products bearing the Wavy Lines Mark.

**Unlawful Acts of the Defendants**

22. By virtue of Plaintiffs' extensive use and federal registration of the Registered Marks, the Defendants are and have been on constructive notice, if not actual notice, of Plaintiffs' rights in the Registered Marks since before Defendants' adoption and use of infringing "wavy lines" and "cross-hatch" designs for non-woven fabrics.

23. Defendants have been using reproductions, counterfeits, copies and colorable imitations of Plaintiffs' Registered Marks in North Carolina and elsewhere in this country, in connection with the advertising, marketing, offering for sale, sale, and distribution of non-woven fabrics—one bearing a "wavy lines" design and one bearing a "cross-hatch" design—and sold under the SCOTCH-BRITE® brand, as depicted below (hereinafter, the "Infringing Goods"):

"Wavy Lines" Design             "Cross-Hatch" Design




24. Attached at Exhibit F hereto is a true and correct copy of web pages at the <WWW.SCOTCH-BRITE.COM> domain depicting the Infringing Goods with a "Where to Buy" link directing consumers to various retailers offering the Infringing Goods for sale.

25. Attached at Exhibit G hereto is a true and correct copy of a web page at the <WWW.TARGET.COM> domain depicting the Infringing Goods available for both online order and in-store pickup.

26. On information and belief, Defendant Target has purchased from Defendant 3M the Infringing Goods for resale and has resold such goods to consumers.

27. Defendants' "wavy lines" and "cross-hatch" designs used on the Infringing Goods are spurious marks that are identical with, or substantially indistinguishable from the Registered Marks and are done in a manner which is likely to cause confusion, to cause mistake and to deceive consumers and potential consumers and with the intent to infringe Plaintiffs' rights.

28. Based on a comparison of the specimens bearing the Registered Marks as set forth in paragraph 14 and Defendants' Infringing Goods as set forth in paragraph 23, the identical nature, or overwhelming similarity, of the goods shows that Defendants have produced counterfeit goods in an apparent attempt to capitalize upon the popularity of, and demand for, non-woven fabrics bearing the Registered Marks.

29. Defendants use their "wavy lines" and "cross-hatch" designs on the Infringing Goods without license, consent, authorization, or permission from Plaintiffs.

30. On information and belief, the significant majority of Defendants' clientele is comprised of retailers and retail consumers. The Registered Marks also are targeted predominantly to retailers, and ultimately to end-user consumers, such that the Defendants' use in that market channel enhances, rather than detracts, from the likelihood of confusion.

31.     By marketing, advertising, offering for sale, selling, and distributing the Infringing Goods, Defendants intentionally have violated Plaintiffs' rights in and to the Registered Marks, and with the knowledge and intention that the use in commerce would cause, and is causing, confusion, mistake, and deception among consumers and potential consumers.

32.     Defendants also, in connection with the marketing, advertising, offering for sale, sale, and distribution of the Infringing Goods, have caused, are causing, and are likely to cause confusion and mistake, and have deceived, and are likely to deceive, as to the affiliation, connection, and association of the Defendants with Plaintiffs, and as to the origin, sponsorship, and approval of the Defendants' goods.

## Count I:
## Infringement of Registered Marks, 15 U.S.C. § 1114

33.     Plaintiffs incorporate by reference paragraphs 1–32 above as if fully set forth herein.

34.     The acts of the Defendants complained of herein constitute trademark infringement of marks registered under the Lanham Act, 15 U.S.C. § 1114.

35.     Plaintiffs have been damaged by the acts of each of the Defendants complained of herein.

## Count II:
## Unfair Competition, 15 U.S.C. § 1125(a)(1)(A)

36.     Plaintiffs incorporate by reference paragraphs 1–32 above as if fully set forth herein.

37.     The acts of the Defendants complained of herein constitute unfair competition under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

38.     Plaintiffs have been damaged by the acts of each of the Defendants complained of herein.

### Count III:
### Unfair & Deceptive Trade Practices, N.C.G.S. § 75-1.1 *et seq.*

39. Plaintiffs incorporate by reference paragraphs 1–32 above as if fully set forth herein.

40. The acts of the Defendants complained of herein constitute unfair methods of competition in or affecting commerce, and unfair and deceptive acts or practices in or affecting commerce, which proximately have caused actual injury to Plaintiffs and their business in this State and elsewhere.

41. The acts of the Defendants complained of herein have had the tendency to deceive and mislead consumers and created a likelihood of deception with respect to the Defendants' non-woven fabrics bearing a "wavy lines" design and a "cross-hatch" design, and they were performed willfully, wantonly, with the intent to harm Plaintiffs and their rights in the Registered Marks, and with the intent to compete unfairly with Plaintiffs.

42. Plaintiffs have been damaged by the acts of each of the Defendants complained of herein.

### Count IV:
### Common Law Unfair Competition and Trademark Infringement

43. Plaintiffs incorporate by reference paragraphs 1–32 above as if fully set forth herein.

44. The acts of the Defendants complained of herein constitute unfair competition and trademark infringement of marks entitled to protection under common law.

45. Plaintiffs have been damaged by the acts of each of the Defendants complained of herein.

## Prayer for Relief

WHEREFORE, Plaintiffs request that the Court:

(a) Preliminarily and permanently enjoin the Defendants from infringing, contributing to the infringement by others, or inducing infringement of Plaintiffs' Registered Marks and from making any continued use of a "wavy lines" design or a "cross-hatch" design on or in conjunction with the sale of non-woven fabrics;

(b) Preliminarily and permanently enjoin the Defendants from unfairly competing, contributing to the unfair competition by others, or inducing unfair competition with Plaintiffs;

(c) Award Plaintiffs all monetary remedies to which they are entitled under the Lanham Act, the North Carolina Unfair & Deceptive Trade Practices Act, and state law, including, without limitation, any and all profits realized by the Defendants, any and all profits realized by any party with regard to whom the Defendants have contributed to or induced infringement or unfair competition, any damages sustained by Plaintiffs, statutory damages to be elected by Plaintiffs, treble, enhanced and punitive damages available under North Carolina and federal law, and Plaintiffs' costs and attorney's fees, pursuant to 15 U.S.C. § 1117 and N.C.G.S. 75-1.1 *et seq.*;

(d) Order the destruction of Defendants' non-woven fabrics bearing a "wavy lines" design or a "cross-hatch" design, including the Infringing Goods, and all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendants, and all plates, molds, matrices, and other means of making the same, pursuant to 15 U.S.C. § 1118; and

(e) For such other and further relief as the Court deems just and reasonable.

**Plaintiff demands a jury trial on all issues so triable.**

Dated: May 8, 2015

                                          s/ Jason M. Sneed
                                          Jason M. Sneed, Esq. (NC Bar No. 29593)

                                          SNEED PLLC
                                          610 Jetton St., Suite 120-107
                                          Davidson, North Carolina 28036
                                          Tel.: 704-779-3611
                                          Email: JSneed@SneedLegal.com

                                          *Attorney for Plaintiffs*