**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| AVINTIV SPECIALTY MATERIALS INC. and PGI POLYMER, INC., <br><br> Plaintiffs/Counterclaim Defendants <br><br> v. <br><br> 3M COMPANY and TARGET CORPORATION, <br><br> Defendants/Counterclaimants | Civil Action No. 3:15-cv-212-FDW-DSC <br><br> **STIPULATED PROTECTIVE ORDER** |

The Court hereby ORDERS that the following restrictions and procedures shall apply to certain information, documents, and excerpts of documents supplied by the parties to each other in connection with this lawsuit:

1. Counsel for any party may designate any document or information contained in a document as "Confidential" if counsel determines, in good faith, that this designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL."

2. "Highly Confidential – Attorneys' Eyes Only" is a subset of Confidential. It includes information or documents (a) that are not publicly available; (b) that the disclosing party has a good faith belief to be highly confidential or commercially sensitive; and (c) for which the disclosing party believes the dissemination to a competitor or person not entitled to the information could cause harm to the disclosing party. Counsel for any party may designate any document or information contained in a document as Highly Confidential – Attorneys' Eyes Only if counsel determines, in good faith, that this designation is necessary to protect the interests of the client.

Information and documents designated by a party as Highly Confidential – Attorneys' Eyes Only will be labeled "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – AEO."

3. For purposes of this Order, the term "confidential information" refers collectively to both Confidential and Highly Confidential – Attorneys' Eyes Only information and documents.

4. Unless otherwise ordered by the Court or otherwise provided for in this Order, all confidential information disclosed will be held and used by the person receiving the confidential information solely for use in connection with this lawsuit.

5. A party seeking to designate confidential information at a deposition or oral hearing may designate the material as Confidential or Highly Confidential – Attorneys' Eyes Only by indicating, on the record at the proceeding, the confidential information. All recordings and transcripts of depositions or hearings, plus any accompanying exhibits, shall be treated as Highly Confidential – Attorneys' Eyes Only for fifteen days (the "Review Period") following receipt by the disclosing party of the transcript or recording. During those fifteen days, no recipient may disclose any confidential information to any person not entitled to possess the materials, and during that time (or thereafter, if agreed by the disclosing party and all parties to this action), the disclosing party may designate any portion of the recording, transcript, or accompanying exhibits as Confidential or Highly Confidential – Attorneys' Eyes Only, or remove any designation. By the expiration of the Review Period, the disclosing party shall provide to all parties its designations, if any, with an identifying number (such as a Bates Number) or by title and internally numbered by page, paragraph, line, etc.

6. Acceptance of designated confidential information is not an admission by the recipient that the information or documents are, in fact, confidential information. The recipient

may at any time request that the disclosing party or the Court re-designate the information. However, confidential information shall maintain that designation for all purposes unless and until either (a) the disclosing party agrees to re-designate the information; or (b) the Court re-designates the information. In any motion challenging the designation of confidential information, the disclosing party bears the burden to prove the appropriateness of the designation.

7. If a party challenges another party's designation of confidential information, counsel shall make a good-faith effort to resolve the dispute. If the parties cannot reach a resolution, the challenging party may seek resolution from the Court. All parties reserve the right to object to the use or admissibility of all confidential information disclosed under applicable law.

8. Inadvertent disclosure of documents or information that the disclosing party intended to designate as Confidential or Highly Confidential – Attorneys' Eyes Only does not waive that party's right to designate and protect the documents or information under this Order. The disclosing party shall promptly notify the recipient upon realizing its failure to designate the documents or information as Confidential or Highly Confidential – Attorneys' Eyes Only. However, the receiving party does not violate this Order by disclosing the information before it receives notice from the disclosing party.

9. If a party inadvertently produces or provides information it believes is subject to a claim of privilege—e.g., attorney-client, work-product, or common-interest privilege—the disclosing party may give written notice to the recipient that the information is subject to a claim of privilege and request that the information be returned. If the disclosing party provides that written notice, the recipient shall immediately return the information to the disclosing party and delete any electronically stored copies. The recipient shall then certify that it has returned or destroyed all copies. Within three business days of the notification that the inadvertently disclosed

information has been returned and deleted, the disclosing party shall produce a privilege log as to the inadvertently disclosed materials. The return of the information by the recipient is not an admission and shall not permit the inference that the information is, in fact, privileged. Nor shall the return of the information foreclose any party from moving the Court for an order that the information has been improperly designated or should be produced for reasons other than a waiver caused by the inadvertent production.

10. Except with a Court order or the prior written consent of the disclosing party, information or documents designated as Confidential shall not be disclosed to any person, except:

(a) the parties and counsel;

(b) employees, contractors, and vendors of the parties or counsel assigned to and necessary to assist in the litigation;

(c) consultants or experts to the extent deemed necessary by counsel;

(d) any person from whom testimony is taken or is to be taken, except that any such person may be shown confidential information only during and in preparation for his testimony and may not retain the confidential information; and

(e) the Court, its staff, and the jury at trial or as exhibits to motions.

11. Except with a Court order or the prior written consent of the disclosing party, information or documents designated as Highly Confidential shall not be disclosed to any person except:

(a) outside counsel for the parties, including outside counsel's staff and administrative personnel assigned to and necessary to assist in the litigation;

(b) outside vendors necessary to assist in the litigation;

(c) three in-house attorneys and one in-house paralegal for each party, all of whom the parties shall designate in writing before receiving any of the requested documents or information;

(d) the parties' in-house legal staff and administrative personnel, but only if those persons are assigned to the party's in-house legal department and work under the direct supervision of the party's in-house attorneys;

(e) consultants or experts to the extent deemed necessary by counsel; and

(f) the Court, its staff, and the jury at trial or as exhibits to motions.

12. Confidential information may be disclosed to and discussed with a person identified above in Paragraphs 10(c), 10(d), 11(b), 11(c), 11(d), or 11(e) only after that person has signed an agreement to be bound by this Order in the form attached as **Exhibit 1**. If the person refuses to sign the agreement in the form attached as **Exhibit 1**, the party seeking to disclose the information may seek appropriate relief from the Court.

13. Before disclosing or displaying the confidential information to any person, counsel shall: (a) inform the person of the confidential nature of the information; and (b) inform the person that this Court has enjoined use of the confidential information for any purpose other than this litigation and has enjoined disclosure of the confidential information to any other person.

14. Any person receiving confidential information shall not disclose the information to any person who is not entitled to receive it under this Order. If a person discloses confidential information to any person not entitled to receive it under this Order, the person responsible for the disclosure or his counsel will inform counsel for the disclosing party. The person responsible for the disclosure will also, without prejudice to other rights and remedies of any party, make a

reasonable, good-faith effort to retrieve the material and to prevent further disclosure of it by the person who received such information.

15. This Order shall not (a) prevent any party from using or disclosing its own confidential information as it deems appropriate; (b) preclude any party from showing an employee, officer, or expert of a disclosing party at a deposition any information provided by that disclosing party; or (c) preclude or limit any party from the lawful use of any information obtained from a source other than the disclosing party.

16. A party who seeks to introduce confidential information at a hearing, trial or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected. If the party requests that the protection be continued, the Court will review the information, in camera, to determine if the information is entitled to continued protection.

17. The parties understand that any documents filed with the Court or that otherwise become part of a judicial proceeding are presumptively public documents. The Court will seal documents only on an appropriate motion. This Order does not provide for the automatic sealing of documents.

18. At the conclusion of this lawsuit, any confidential information disclosed and any copies thereof shall be promptly (and in no event later than thirty days after entry of a final judgment no longer subject to further appeal) returned to the disclosing party or certified to the disclosing party as destroyed.

19. This Order is without prejudice to the right of any party to (a) apply to the Court for any further Protective Order relating to confidential information; (b) object to the production of documents or information; (c) apply to the Court for an order compelling production of documents or information; or (d) apply for modification of this Order.

20. If a party seeks discovery from a third party, the third party shall be entitled to all of the protection and benefits that a party has under this Order.

**SO ORDERED**. Signed: February 2, 2016

David S. Cayer
United States Magistrate Judge

**INTENDING TO BE BOUND**, the parties have signed this Stipulated Protective Order on February 2, 2016.

| | |
|---|---|
| *s/ Charles Landrum* | *s/ William G. Barber* |
| Jason M. Sneed | William G. Barber (admitted *pro hac vice*) |
| Charles Landrum | Wendy C. Larson (admitted *pro hac vice*) |
| Neal Hayes | Travis R. Wimberly (admitted *pro hac vice*) |
| SNEED PLLC | PIRKEY BARBER PLLC |
| 610 Jetton St., Suite 120-107 | 600 Congress Ave., Suite 2120 |
| Davidson, NC 28036 | Austin, TX 78701 |
| (704) 779-3611 | (512) 322-5200 |
| JSneed@SneedLegal.com | (512) 322-5201 (fax) |
| CLandrum@SneedLegal.com | bbarber@pirkeybarber.com |
| NHayes@SneedLegal.com | wlarson@pirkeybarber.com |
| Litigation@SneedLegal.com | twimberly@pirkeybarber.com |
| | |
| *Attorneys for Plaintiffs/Counterclaim Defendants* | Michael C. Griffin NC Bar. No. 31947 |
| | BRADLEY ARANT BOULT CUMMINGS LLP |
| | Bank of America Corporate Center |
| | 100 N. Tryon St., Suite 2690 |
| | Charlotte, NC 28202 |
| | (704) 338-6015 |
| | (704) 332-8858 (fax) |
| | mgriffin@babc.com |
| | |
| | *Attorneys for Defendants/Counterclaimants* |

**Exhibit 1**

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| AVINTIV SPECIALTY MATERIALS INC. and PGI POLYMER, INC., <br><br> Plaintiffs/Counterclaim Defendants <br><br> v. <br><br> 3M COMPANY and TARGET CORPORATION, <br><br> Defendants/Counterclaimants | Civil Action No. 3:15-cv-212 |

**CONFIDENTIALITY AGREEMENT**

1. I have carefully read and understand the foregoing Order of the United States District Court for the Western District of North Carolina, in the above-captioned matter.

2. I agree that I will be bound by and will comply with all of the provisions of this Order. I will make no disclosures of confidential information to any person who is not permitted to have access to the confidential information under the Order, as applicable.

3. Upon final determination of this action, I will destroy all confidential information received by me within sixty days after sealing of the final order, or I will return the confidential information within sixty days to the disclosing party. If I destroy confidential information, I agree to send a letter to the disclosing party confirming its destruction.

4. I understand that a violation of this Agreement or the foregoing Order is punishable as a contempt of court. I hereby submit to the jurisdiction of this Court for purposes of enforcing this Agreement and the foregoing Order.

5. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


[Signature block on next page]

Executed on: _____
             Date

By:      _____

Name:    _____

Title:   _____

Company: _____

Address: _____

Phone:   _____